UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STERLYN WOODS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-1073 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. 1) and Respondent's Motion to Dismiss and Response to Motion to Vacate, Set Aside or Correct Sentence (Doc. 3). Petitioner has not filed a reply to Respondent's Response or a response to Respondent's Motion to Dismiss. For the reasons stated below, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence is denied, and Respondent's Motion to Dismiss is granted.

Petitioner has requested an evidentiary hearing on his claims. (Doc. 1). He is entitled to an evidentiary hearing only if he has alleged facts that, if proven, would entitle him to relief. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). As discussed below, Petitioner has not met this burden. As the factual issues relevant to Petitioner's claims in this action can be resolved on the record, an evidentiary hearing is not required. *Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) (citing *United States v. Frye*, 738 F.2d 196 (7th Cir. 1984)) ("No

1

hearing is required in a section 2255 proceeding . . . if the factual matters raised by the motion may be resolved on the record before the district court.").

## BACKGROUND

Petitioner was charged on January 28, 2009 with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), following the seizure of cocaine from a gym bag that was determined to be Petitioner's at the Lexington Hills Apartment Complex in Peoria, Illinois on January 8, 2009. After receiving the apartment resident's consent to search the gym bag, police discovered that the bag contained 180 grams of crack cocaine, a handgun, ammunition, and digital scales. Once arrested, Petitioner denied any knowledge of the bag or of the items contained therein. The apartment resident then informed the police that Petitioner had brought the bag to her apartment.

At Petitioner's change of plea hearing on June 19, 2009, Petitioner accepted responsibility for his crime. A plea agreement was filed on that date, in which Petitioner agreed to plead guilty to violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The plea agreement included descriptions of the penalties to which Petitioner was to be exposed as a result of his plea, and gave detailed descriptions of the waivers of rights of appeal and collateral attack to which Petitioner was assenting by entering into the plea agreement. At the plea hearing, the Court engaged in a colloquy with Petitioner to ensure his competence to plead guilty and to ensure the knowing and voluntary nature of the plea. During the colloquy, the Court explained to Petitioner that, pursuant to the plea agreement, he was agreeing to waive his right to appeal

2

his conviction or sentence. Petitioner testified that he understood these waivers and that he was willing to waive his appeal rights for the benefits of the plea agreement with the government. Petitioner also testified that he read the plea agreement, discussed it with his attorney, and understood its terms. As a result of the change-of-plea colloquy, the Court determined that Petitioner was knowingly and voluntarily pleading guilty to the charged offense, pursuant to the plea agreement, and that he was fully competent to make that decision.

Petitioner's sentencing hearing was held on May 28, 2010. Because of his extensive criminal history, Petitioner's offense level was determined to be 37, and his criminal history category to be IV. Based on his prior felony convictions, Petitioner faced a mandatory life sentence pursuant to 21 U.S.C. §841(b)(1)(A). However, the government agreed to a downward departure in Petitioner's sentence as a result of the "substantial assistance" that Petitioner provided. Petitioner was sentenced to 264 months imprisonment, ten years supervised release, and a $100 special assessment.

Petitioner filed the present Motion on February 22, 2011. It in, Petitioner argues that his counsel was ineffective for failing to file a notice of appeal when Petitioner asked counsel to do so. Specifically, Petitioner asserts that he "informed his counsel to file notice of appeal to the firearm enhancement and also challenge if the prior conviction qualified under the status of career offender provision." (Doc. 1 at 2). Petitioner further contends that his counsel indicated to both Petitioner and Petitioner's family that he was filing such an appeal. Petitioner later discovered

that no notice of appeal had ever been filed, which, he argues, "prejudice[d] him to [a] fair and just outcome" and potentially exposed him to a harsher sentence than he might otherwise have ultimately received. (Doc. 1 at 3). Petitioner now seeks to have his sentence vacated by the Court. He also seeks requests "that an evidentiary hearing be held to resolve the issues at bar." (Doc. 1 at 3).

## DISCUSSION

Section 2255 of Chapter 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994).

One ground for relief under § 2255 is that argued by Petitioner: ineffective assistance of counsel in violation of the Sixth Amendment right to counsel. For Sixth Amendment claims of ineffective counsel, the Supreme Court established a two-prong test in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail, Petitioner must establish that (1) counsel's representation fell below the threshold of objective reasonableness, and (2) but for counsel's deficiency, "there is a reasonable probability that . . . the result of the proceeding would have been

4

different." *Id*. at 687, 694. In evaluating counsel's representation, the Court must be highly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. If Petitioner fails to show that counsel's alleged failure prejudiced his case, this Court need not even consider the first prong of whether Petitioner's counsel acted outside of the range of professionally competent assistance. *Id*. at 697 ("if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

In his Petition, Petitioner attempts to avoid the second prong of *Strickland* by arguing that "failure to file a required NOA is per se ineffective assistance of counsel, with or without showing the appeal would have merit." (Doc. 1 at 3). Petitioner cites *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) for this proposition. But there is an important distinction between the facts in *Roe* and those in the present case: *Roe* did not involve a waiver of the right to appeal. The Seventh Circuit explained the import of this distinction in *Nunez v. United States*:

> *Roe* is a modest exception to *Strickland*'s approach. Unless the lawyer simply doesn't show up, it is essential to establish deficient performance and prejudice. *Roe* concludes that failure to appeal is a form of not showing up for duty. But *Roe*'s rationale presumes that the defendant has contested the charges; when a defendant not only pleads guilty but also waives the right to appeal, it is hard to classify the absence of appeal as the lawyer taking a vacation.

546 F.3d 450, 454 (7th Cir. 2008). As mentioned above, Petitioner waived his right to appeal or collaterally attack his sentence as part of his plea agreement.[1]

---

[1] The Court notes that Petitioner does not argue that the alleged suboptimal performance of his counsel somehow tainted the negotiation of the waiver provision

5

In *Nunez*, the Seventh Circuit cited two reasons for why a failure to appeal when a plea agreement is involved should be treated differently than a failure to appeal involving no such agreement. First, "[i]nstead of being obliged to follow his client's (latest) wishes, however unreasonable they may be, a lawyer has a duty to the judiciary to avoid frivolous litigation—and an appeal in the face of a valid waiver is frivolous." *Id.* at 455. Second, "[a] lawyer also has a duty to his client to avoid taking steps that will cost the client the benefit of the plea bargain." *Id.* The Seventh Circuit has made clear that "when a defendant appeals despite agreeing not to do so, the prosecutor may withdraw concessions made as part of the bargain." *Id.*; *see United States v. Whitlow*, 287 F.3d 638 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859 (7th Cir. 2001). It follows that "[w]hen deciding which of the [client's] contradictory directions to implement, a lawyer should do what's best for the client, which usually means preserving the benefit of the plea bargain." *Nunez*, 546 F.3d at 455. Indeed, provisions of the plea agreement signed by Petitioner explicitly set out the potential consequences of a violation of the terms of the agreement:

---

in the plea agreement. This is critical, because a waiver of the type at issue in this case is generally enforceable, unless (1) it was not made knowingly and voluntarily, or (2) the § 2255 petitioner can establish ineffective assistance of counsel as to negotiation of the waiver provision. *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). Petitioner does not claim that the waiver was not made knowingly or voluntarily, and he makes no complaint as to counsel's actions surrounding the negotiation of the waiver provision. The Court finds no evidence in the record that suggests that the waiver was not voluntarily agreed to, or that Petitioner's counsel was ineffective in the negotiation of the provision. The Court therefore concludes that the waiver is enforceable.

6

> 24. The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/[or] sentence, and to reinstate any previously dismissed charges against the defendant or to seek the defendant's resentencing. However, in the event the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea.

(09-cr-10010, Doc. 12 at 15-16, ¶ 24). Had Petitioner appealed, then, the consequences could have been significant: the plea agreement would have barred his appeal, but his appeal in spite of the plea agreement could have exposed him to the revocation of the benefits he received under that agreement. In the words of the Seventh Circuit, "[t]he sort of appeal that [he] wanted to take was one by which he could lose but not gain." *Nunez*, 546 F.3d at 455.

Because this Court finds that *Nunez*—not *Roe*—controls in the present case, the two-prong test of *Strickland* applies in full force, and Petitioner must therefore show that but for counsel's deficiency, "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner cannot satisfy this prong of *Strickland*, because, as Respondent correctly points out, "[e]ven if Woods's counsel had filed the appeal, the Seventh Circuit would have dismissed the appeal, as Woods waived his right to appeal his conviction and/or sentence. Woods cannot show that the outcome would have been different, and therefore does not meet the prejudice prong of *Strickland*." (Doc. 3 at

7

15). Because Petitioner's ineffective assistance of counsel argument does not pass *Strickland* muster, his claim must be denied.

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, this Court "must issue or deny a certificate of appealability when it enters an order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court denies the certificate, a petitioner may request that a circuit judge issue one. FED. R. APP. P. 22(b)(1)(3).

This Court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right. Accordingly, it declines to issue a certificate of appealability.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 (Doc. 1) is DENIED, and Respondent's Motion to Dismiss (Doc. 3) is GRANTED. Additionally, Petitioner's Motion for Hearing (Doc. 1) is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 16th day of November, 2011.


                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                                   United States Senior District Judge